**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OMAR TORRES-MONTALVO,<br><br>Defendant. | Crim. No. 95-0070 (JLL)<br><br>**OPINION AND ORDER** |

Defendant, Omar Torres-Montalvo, moves for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to modify the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In particular, Torres-Montalvo relies on Amendment 591 to the United States Sentencing Guidelines, claiming that it has reduced his sentencing range.[1]

Enacted in 2000, Amendment 591 is retroactively applicable under U.S.S.G. § 1B1.10(c). The Guidelines require a sentencing court to refer to the Statutory Index of the Sentencing Manual (Appendix A) to choose the offense guideline. Amendment 591 no longer permits the sentencing court to choose the offense guideline based on the offender's actual conduct; instead,

---

[1] To the extent Defendant requests the appointment of counsel in connection with his application for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), such request is denied. *See United States v. Hart*, 331 Fed. Appx. 972, 973 (3d Cir. 2009) ("[A] defendant is not entitled to be represented by counsel in a § 3582(c)(2) motion." (citing *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009)).

the sentencing court must apply the offense guideline that corresponds to the statute of conviction. *See United States v. Diaz*, 245 F.3d 294, 302 (3d Cir. 2001).

By way of background, Defendant Torres-Montalvo was convicted by a jury in the United States District Court for the District of New Jersey of kidnapping and conspiracy to kidnap, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 1201(c), and of conspiracy to distribute and possess cocaine, in violation of 21 U.S.C. § 846.

The offense level computation in the Presentence Report, which was subsequently adopted by the sentencing court, first applied the Sentencing Guidelines' rules for grouping multiple counts. As a result, two separate groups were calculated. Group One was the conspiracy to kidnap, kidnapping of one victim, and conspiracy to distribute 30 kilograms of cocaine. Group Two was the conspiracy to kidnap, kidnapping of the other victim, and conspiracy to distribute 30 kilograms of cocaine.

In sentencing Torres-Montalvo, the Honorable Maryanne Trump Barry selected the appropriate offense guideline for both groups of offenses—namely, § 2A4.1 (Kidnapping, Abduction, Unlawful Restraint"). The Court then selected Torres-Montalvo's base offense level (for each of the two groups of offenses) within § 2A4.1.

Torres-Montalvo now argues that:

> Once the court found the offense level under Chapter Two to be a 24 pursuant to § 2A4.1 the court then appropriately increased 2 levels pursuant to § 2A4.1(b)(3), also appropriately [sic] 1 level pursuant to § 2A4.1(b)(4)(B). The problem is instead of the court appropriately applying 4 levels pursuant to the specific offense characteristics under § 3B1.1(a), the court applied the cross reference under § 2A4.1(b)(7)(B) and thereafter applied specific offense characteristics of § 3B1.1(a) after the grouping under § 3D1.3.

(Def. Br. at 14). Thus, it is clear that Torres-Montalvo does not challenge the Court's selection of offense guideline § 2A4.1 for either group. Nor does he even dispute the Court's calculation of his base offense level as to either group. Rather, he disputes adjustments and/or enhancements made thereafter. Torres-Montalvo's reasoning is logically flawed, however, because the "plain wording of Amendment 591 applies only to the choice of the applicable offense guideline." *United States v. Rivera,* 293 F.3d 584, 586 (2d Cir.2 002). Because Torres-Montalvo does not challenge the sentencing court's choice of the applicable offense guideline, this Court's Amendment 591 analysis ends here.[2] *See United States v. Grecco,* 342 Fed. Appx. 739, 746-47 (3d Cir. 2009).

Accordingly, **IT IS** on this **1st day of October, 2013,**

**ORDERED** that Defendant's motion for a reduction of a sentence pursuant to 18 U.S.C. § 3582(c)(2) [Docket Entry No. 22] is **DENIED.**

**IT IS SO ORDERED.**

Jose L. Linares, U.S.D.J.

---

[2] In any event, there is no indication that the sentencing court's selection of § 2A4.1 ("Kidnapping, Abduction, Unlawful Restraint") as the appropriate offense guideline was influenced by a judicial finding as to actual conduct; to the contrary, it appears to be properly based on the conduct underlying Torres-Montalvo's offense of conviction. *See, e.g.,* 18 U.S.C. § 1201(a)(1) ("Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense . . . shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.").